UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Hon. Robert B. Kugler |
| Plaintiff(s), | : | |
| v. | : | Criminal No. 00-384-7(RBK) |
| JAMES MELTON, et al. | : | |
| Defendant(s). | : | |

# **O P I N I O N**

       James Melton seeks a reduction of the sentence of 480 months imprisonment imposed by this court on October 20, 2005. That sentence was based on a finding that Melton was responsible for 26 KG of Cocaine Base ("crack cocaine") which yielded a base-offense level of 38. Various enhancements were added thereby increasing his base offense level to 43.

       Since that time, the base offense level for many crack cocaine offenses has been changed three times, the most recent by United States Sentencing Guideline Amendment 782 (effective November 1, 2014). Now, in order to qualify for a base offense level of 38, the defendant must be responsible for 25.2KG of Cocaine Base.

       Melton essentially argues that the finding of 26 KG of crack cocaine was not supported by the record, and it may actually be less than 25.2KG, thus reducing his base offense level to 36 ("at least 8.4KG but less than 25.2 KG of Cocaine Base"). He is mistaken and his Motion is Denied for the following reasons.

       The case has a lengthy procedural history which is necessary to discuss to explain the outcome of this application. After a trial and conviction and after deciding the

facts set forth in the PSR that Melton was responsible for distributing as part of a conspiracy 2 KG of cocaine base for 13 months (a total of 26), the court sentenced Melton to 480 months imprisonment. The Court of Appeals for the Third Circuit affirmed the conviction but remanded for resentencing because of United States v. Booker, 543 U.S. 220 (2005). United States v. Melton, 131 Fed. Appx. 21 (3d Cir. 2005). ("Melton I").

On remand, this court on October 20, 2005, adopted the facts found in the PSR, calculated the base offense level at 43, and sentenced him to 480 months imprisonment. Again Melton appealed. Again The Third Circuit affirmed. United States v. Melton, 215 Fed. Appx. 108 (3d Cir. 2007); cert. denied 550 U.S. 963 (2007). ("Melton II").

After Amendment 706 to the United States Sentencing Guidelines changed the offense level for certain crack cocaine offenses, Melton brought an earlier Motion for Reduction of Sentence. This Court denied that Motion, as well as a subsequent Motion for Reconsideration. Melton appealed. The Third Circuit affirmed. United States v. Melton, 339 Fed. Appx. 179 (3d Cir. 2009). ("Melton III").

The Court wrote:

> "Melton contends that the District Court erred by concluding that he was responsible for more than 4.5 kilograms of crack cocaine. He asserts that the original sentencing judge found that he was responsible for only 1.5 kilograms of crack cocaine … Melton is wrong. The PSR specifically stated that Melton was responsible for 'approximately two kilograms of crack cocaine per month' and that the life of the conspiracy was 13 months, a total of 26 kilograms. Although Melton objected to these findings, the original sentencing judge overruled the objections, citing the trial testimony and commenting that the evidence supporting these findings 'is simply overwhelming'. Accordingly, the District Court's statement in its order denying the motion for reconsideration that the original sentencing judge 'did not find that defendant was responsible for only 1.5 kilograms of crack cocaine' was not erroneous. Because the District Court relied upon the findings of the PSR at the resentencing and in denying the motion for reduction, we find no error in the District Court's determination …the amount of crack cocaine attributable to Melton … yields a base offense level of 38." 339 Fed. App. at *181-182.

Little more needs to be said. Melton's attempts in this motion to again argue he was responsible for less than 26 kilograms of crack cocaine are unavailing. This is the fourth time the District Court has considered the issue of the amount of crack cocaine Melton was responsible for. And the Court of Appeals has considered it twice.

Accordingly, there is no basis to find Melton was responsible for less than 26 KG of crack cocaine. The Motion for Reduction of Sentence is **Denied**.

March 10, 2017                     s/Robert B. Kugler
                                   ROBERT B. KUGLER
                                   United States District Judge